UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                     Case No. 14-cr-20611
                                                            Honorable Gershwin A. Drain

SONNY LAMARR PHILLIPS,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR BOND [#23]

### I. INTRODUCTION

Defendant Sonny Phillips filed the instant Motion for Review of Detention Order Pursuant to 18 U.S.C. §3145 ("section 3145") on January, 15, 2015. *See* Dkt. No. 23. In the Motion, Defendant requests that this Court "promptly review the Detention Order of the Magistrate Judge in this case and grant [Defendant's] request for bond pending trial." *Id.*

Section 3145 dictates that "[t]he motion shall be determined promptly." 18 U.S.C. § 3145(b). Accordingly, the Court instructed the Government to file a Response to Defendant's Motion no later than January 23, 2015. *See* Dkt. No. 24. The Government timely filed its Response. *See* Dkt. No. 26. The Court conducted a hearing on the matter on February 5, 2015. For the reasons discussed herein, and the reasons stated on the record, the Court **DENIES** Defendant's Motion for Bond.

## II. BACKGROUND

Sonny Phillips appeared for arraignment on September 19, 2014. Mr. Phillips was arrested and temporarily detained on that date. A detention hearing took place on September 22, 2014 before Magistrate Judge Donald Scheer. The recommendation by the Pretrial Services Agency was detention. AUSA Andrew Lievense also recommended detention. Magistrate Judge Scheer, in entering a Detention Order Pending Trial, concluded:

> Defendant is a flight risk and a danger to the community. He is charged as a felon in possession of a firearm (18 USC §922(g)(1). The evidence is very strong and includes eye-witness police testimony as well as the loaded firearm observed to be in Defendant's possession and recovered in the course of his apprehension. Defendant has three (3) prior felony convictions, including drug dealing (age 18); Robbery (age 19) and Assault w/Bodily Harm Less than Murder (age 21). He has violated probation three (3) times and is subject to two (2) outstanding warrants for failure to appear in court. MDOC classifies him as an absconder. Defendant has no employment, income or assets. He has a delinquent child support obligation. He is a daily marijuana abuser. He is supported entirely by his mother. Pretrial Services recommends detention both as a flight risk and a danger to the community. I fully agree.

Dkt. No. 7 at 2. Defendant is now seeking review of Judge Scheer's finding.

## III. LAW & ANALYSIS

### A. STANDARD OF REVIEW

The Court may review the Magistrate Judge's order detaining a defendant. 18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a *de novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D. Mich. Oct.16, 2001); *United States v. Jones,* 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a

danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985).

### B. LEGAL ANALYSIS

The district court must make findings as to bond or detention based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the history and characteristics of the Defendant; and (4) the nature and seriousness of the danger posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). Each factor is addressed below.

For the first factor—the nature and circumstances of the offenses charged—the Court notes that Defendant has been indicted on one charge of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g). *See* Dkt. No. 10.

As for the second factor—the weight of the evidence against the Defendant—the Court notes the AUSA's observation that the evidence is "very strong and includes eye-witness police testimony as well as the loaded firearm observed to be in Defendant's possession and recovered in the course of his apprehension[.]" Dkt. No. 26 at 2. The Court further notes that the indictment, itself, establishes probable cause for the offense. *See Hazime*, 762 F.2d at 37.

As for the third factor—the history and characteristics of the Defendant—the Court notes that Defendant has a long history of criminal activity given his age. Defendant is only 23 years old, yet possesses three felony convictions, including a drug offense, unarmed robbery, and assault with intent to do bodily harm less than murder. *See* Dkt. No. 26 at 2. Furthermore, Defendant has violated probation three times, has two outstanding warrants for failing to appear

in court on misdemeanor charges, and has been arrested for and convicted of new crimes while under court supervision. *Id.*

With respect to the fourth factor—the nature and seriousness of the danger posed by the Defendant's release—the Court notes the AUSA's observation that "MDOC classifies [Defendant] as an absconder[.]" *See* Dkt. No. 26 at 2. Furthermore, the Court notes Magistrate Judge Scheer's observation that "Pretrial Services recommends detention both as a flight risk and a danger to the community." Dkt. No. 7 at 2.

In an attempt to demonstrate that Defendant should receive bond, Defendant highlights the fact that "Mr. Phillips' mother will provide Mr. Phillips with a place to stay at her home in Detroit, Michigan." *See* Dkt. No. 23 at 3. The Court is not swayed by this appeal, as Defendant lived with his mother during the commission of his previous crimes, including the crime charged in the Indictment. Moreover, the AUSA aptly notes that, while on probation, the Defendant was indicted for carrying a loaded gun in public and fleeing, which put the public's safety at risk. *See* Dkt. No. 26 at 9. Defendant's actions speak for themselves, and indicate that Defendant is a flight risk and poses a serious risk to society.

Accordingly, the Government has shown by clear and convincing evidence that the Defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *See Hazime,* 762 F.2d at 37.

## IV. CONCLUSION

For the reasons discussed, and the reasons stated on the record, the Court **DENIES** Defendant's Motion for Review of Detention Order Pursuant to 18 U.S.C. §3145.

SO ORDERED.

Dated: February 6, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge